## WEISGRAM ET AL. *v.* MARLEY CO. ET AL.

No. 99–161.   Argued January 18, 2000—Decided February 22, 2000

442

GINSBURG, J., delivered the opinion for a unanimous Court.

*Paul A. Strandness* argued the cause for petitioners. With him on the briefs were *Stephen S. Eckman* and *Daniel J. Dunn.*

*Christine A. Hogan* argued the cause for respondents. With her on the brief was *James S. Hill.**

JUSTICE GINSBURG delivered the opinion of the Court.

This case concerns the respective authority of federal trial and appellate courts to decide whether, as a matter of law, judgment should be entered in favor of a verdict loser. The pattern we confront is this. Plaintiff in a product liability action gains a jury verdict. Defendant urges, unsuccessfully before the federal district court but successfully on appeal, that expert testimony plaintiff introduced was unreliable, and therefore inadmissible, under the analysis required by *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U. S. 579 (1993). Shorn of the erroneously admitted expert testimony, the record evidence is insufficient to justify a plaintiff's verdict. May the court of appeals then instruct the entry of judgment as a matter of law for defendant, or must that tribunal remand the case, leaving to the district court's discretion the choice between final judgment for defendant or a new trial of plaintiff's case?

Our decision is guided by Federal Rule of Civil Procedure 50, which governs the entry of judgment as a matter of law, and by the Court's pathmarking opinion in *Neely* v. *Martin K. Eby Constr. Co.*, 386 U. S. 317 (1967). As *Neely* teaches, courts of appeals should "be constantly alert" to "the trial judge's first-hand knowledge of witnesses, testimony, and issues"; in other words, appellate courts should give due consideration to the first-instance decisionmaker's " 'feel' for the overall case." *Id.*, at 325. But the court of appeals has authority to render the final decision. If, in the particular

---

*Jeffrey Robert White* filed a brief for the Association of Trial Lawyers of America as *amicus curiae* urging reversal.

Briefs of *amici curiae* urging affirmance were filed for Brunswick Corp. by *Stephen M. Shapiro, Timothy S. Bishop,* and *Jeffrey W. Sarles;* and for the Product Liability Advisory Council, Inc., by *Michael T. Wharton.*

case, the appellate tribunal determines that the district court is better positioned to decide whether a new trial, rather than judgment for defendant, should be ordered, the court of appeals should return the case to the trial court for such an assessment. But if, as in the instant case, the court of appeals concludes that further proceedings are unwarranted because the loser on appeal has had a full and fair opportunity to present the case, including arguments for a new trial, the appellate court may appropriately instruct the district court to enter judgment against the jury-verdict winner. Appellate authority to make this determination is no less when the evidence is rendered insufficient by the removal of erroneously admitted testimony than it is when the evidence, without any deletion, is insufficient.

## I

Firefighters arrived at the home of Bonnie Weisgram on December 30, 1993, to discover flames around the front entrance. Upon entering the home, they found Weisgram in an upstairs bathroom, dead of carbon monoxide poisoning. Her son, petitioner Chad Weisgram, individually and on behalf of Bonnie Weisgram's heirs, brought a diversity action in the United States District Court for the District of North Dakota seeking wrongful death damages. He alleged that a defect in an electric baseboard heater, manufactured by defendant (now respondent) Marley Company and located inside the door to Bonnie Weisgram's home, caused both the fire and his mother's death.[1]

---

[1] At trial and on appeal, the suit of the Weisgram heirs was consolidated with an action brought against Marley Company by State Farm Fire and Casualty Company, insurer of the Weisgram home, to recover benefits State Farm paid for the damage to the Weisgram townhouse and an adjoining townhouse. State Farm was dismissed from the appeal after certiorari was granted. For purposes of this opinion, we generally refer to the plaintiffs below, and to the petitioners before us, simply as "Weisgram."

At trial, Weisgram introduced the testimony of three witnesses, proffered as experts, in an endeavor to prove the alleged defect in the heater and its causal connection to the fire. The District Court overruled defendant Marley's objections, lodged both before and during the trial, that this testimony was unreliable and therefore inadmissible under Federal Rule of Evidence 702 as elucidated by *Daubert*. At the close of Weisgram's evidence, and again at the close of all the evidence, Marley unsuccessfully moved under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on the ground that plaintiffs had failed to meet their burden of proof on the issues of defect and causation. The jury returned a verdict for Weisgram. Marley again requested judgment as a matter of law, and additionally requested, in the alternative, a new trial, pursuant to Rules 50 and 59; among arguments in support of its post-trial motions, Marley reasserted that the expert testimony essential to prove Weisgram's case was unreliable and therefore inadmissible. App. 123–125. The District Court denied the motions and entered judgment for Weisgram. App. to Pet. for Cert. A28–A40. Marley appealed.

The Court of Appeals for the Eighth Circuit held that Marley's motion for judgment as a matter of law should have been granted. 169 F. 3d 514, 517 (1999). Writing for the panel majority, Chief Judge Bowman first examined the testimony of Weisgram's expert witnesses, the sole evidence supporting plaintiffs' product defect charge. *Id.*, at 518–522. Concluding that the testimony was speculative and not shown to be scientifically sound, the majority held the expert evidence incompetent to prove Weisgram's case. *Ibid.* The court then considered the remaining evidence in the light most favorable to Weisgram, found it insufficient to support the jury verdict, and directed judgment as a matter of law for Marley. *Id.*, at 516–517, 521–522. In a footnote, the majority "reject[ed] any contention that [it was] required to remand for a new trial." *Id.*, at 517, n. 2. It recognized its

discretion to do so under Rule 50(d), but stated: "[W]e can discern no reason to give the plaintiffs a second chance to make out a case of strict liability . . . . This is not a close case. The plaintiffs had a fair opportunity to prove their claim and they failed to do so." *Ibid.* (citations omitted). The dissenting judge disagreed on both points, concluding that the expert evidence was properly admitted and that the appropriate remedy for improper admission of expert testimony is the award of a new trial, not judgment as a matter of law. *Id.,* at 522, 525 (citing *Midcontinent Broadcasting Co.* v. *North Central Airlines, Inc.,* 471 F. 2d 357 (CA8 1973)).

Courts of Appeals have divided on the question whether Federal Rule of Civil Procedure 50 permits an appellate court to direct the entry of judgment as a matter of law when it determines that evidence was erroneously admitted at trial and that the remaining, properly admitted evidence is insufficient to constitute a submissible case.[2] We granted certiorari to resolve the conflict, 527 U. S. 1069 (1999),[3] and we now affirm the Eighth Circuit's judgment.

---

[2] The Tenth Circuit has held it inappropriate for an appellate court to direct the entry of judgment as a matter of law based on the trial court's erroneous admission of evidence, because to do so would be unfair to a party who relied on the trial court's evidentiary rulings. See *Kinser* v. *Gehl Co.,* 184 F. 3d 1259, 1267, 1269 (1999). The Fourth, Sixth, and Eighth Circuits recently have issued decisions, in accord with the position earlier advanced by the Third Circuit, directing the entry of judgment as a matter of law based on proof rendered insufficient by the deletion of improperly admitted evidence. See *Redman* v. *John D. Brush & Co.,* 111 F. 3d 1174, 1178–1179 (CA4 1997); *Smelser* v. *Norfolk Southern R. Co.,* 105 F. 3d 299, 301, 306 (CA6 1997); *Wright* v. *Willamette Industries, Inc.,* 91 F. 3d 1105, 1108 (CA8 1996); accord, *Aloe Coal Co.* v. *Clark Equipment Co.,* 816 F. 2d 110, 115–116 (CA3 1987).

[3] We agreed to decide only the issue of the authority of a court of appeals to direct the entry of judgment as a matter of law, and accordingly accept as final the decision of the Eighth Circuit holding the testimony of Weisgram's experts unreliable, and therefore inadmissible under Federal Rule of Evidence 702, as explicated in *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.,* 509 U. S. 579 (1993). We also accept as final the Eighth Circuit's

## II

Federal Rule of Civil Procedure 50, reproduced below, governs motions for judgment as a matter of law in jury trials.[4]

determination that the remaining, properly admitted, evidence was insufficient to make a submissible case under state law.

[4] "Rule 50. Judgment as a Matter of Law in Jury Trials; Alternative Motion for New Trial; Conditional Rulings.

"(a) JUDGMENT AS A MATTER OF LAW.

"(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

"(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

"(b) RENEWING MOTION FOR JUDGMENT AFTER TRIAL; ALTERNATIVE MOTION FOR NEW TRIAL. If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment—and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:

"(1) if a verdict was returned:

"(A) allow the judgment to stand,

"(B) order a new trial, or

"(C) direct entry of judgment as a matter of law; or

"(2) if no verdict was returned:

"(A) order a new trial, or

"(B) direct entry of judgment as a matter of law.

"(c) GRANTING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW; CONDITIONAL RULINGS; NEW TRIAL MOTION.

"(1) If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or

It allows the trial court to remove cases or issues from the jury's consideration "when the facts are sufficiently clear that the law requires a particular result." 9A C. Wright & A. Miller, Federal Practice and Procedure § 2521, p. 240 (2d ed. 1995) (hereinafter Wright & Miller). Subdivision (d) controls when, as here, the verdict loser appeals from the trial court's denial of a motion for judgment as a matter of law:

> "[T]he party who prevailed on that motion may, as appellee, assert grounds entitling the party to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for judgment. If the appellate court reverses the judgment, nothing in this rule precludes it from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted."

Under this Rule, Weisgram urges, when a court of appeals determines that a jury verdict cannot be sustained due to

---

reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

"(2) Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered shall be filed no later than 10 days after entry of the judgment.

"(d) SAME: DENIAL OF MOTION FOR JUDGMENT AS A MATTER OF LAW. If the motion for judgment as a matter of law is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling the party to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for judgment. If the appellate court reverses the judgment, nothing in this rule precludes it from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted."

an error in the admission of evidence, the appellate court may not order the entry of judgment for the verdict loser, but must instead remand the case to the trial court for a new trial determination. Brief for Petitioner 20, 22; Reply Brief 1, 17. Nothing in Rule 50 expressly addresses this question.[5]

In a series of pre-1967 decisions, this Court refrained from deciding the question, while emphasizing the importance of giving the party deprived of a verdict the opportunity to invoke the discretion of the trial judge to grant a new trial. See *Cone* v. *West Virginia Pulp & Paper Co.*, 330 U. S. 212, 216–218 (1947); *Globe Liquor Co.* v. *San Roman*, 332 U. S. 571, 573–574 (1948); *Johnson* v. *New York, N. H. & H. R. Co.*, 344 U. S. 48, 54, n. 3 (1952); see also 9A Wright & Miller § 2540, at 370. Then, in *Neely,* the Court reviewed its prior jurisprudence and ruled definitively that if a motion for judgment as a matter of law is erroneously denied by the district court, the appellate court does have the power to order the entry of judgment for the moving party. 386 U. S., at 326; see also Louis, Post-Verdict Rulings on the Sufficiency of the Evidence: Neely v. Martin K. Eby Construction Co. Revisited, 1975 Wis. L. Rev. 503 (surveying chronologically Court's decisions bearing on appellate direction of judgment as a matter of law).

*Neely* first addressed the compatibility of appellate direction of judgment as a matter of law (then styled "judgment *n.o.v.*") with the Seventh Amendment's jury trial guarantee. It was settled, the Court pointed out, that a trial court, pur-

---

[5] According to the Advisory Committee Notes to the 1963 Rule 50 amendments, this "omission" was not inadvertent:

"Subdivision (d) does not attempt a regulation of all aspects of the procedure where the motion for judgment n.o.v. and any accompanying motion for a new trial are denied, since the problems have not been fully canvassed in the decisions and the procedure is in some respects still in a formative stage. It is, however, designed to give guidance on certain important features of the practice." Advisory Committee's Notes on Fed. Rule Civ. Proc. 50(d), 28 U. S. C. App., p. 769.

suant to Rule 50(b), could enter judgment for the verdict loser without offense to the Seventh Amendment. 386 U. S., at 321 (citing *Montgomery Ward & Co.* v. *Duncan*, 311 U. S. 243 (1940)). "As far as the Seventh Amendment's right to jury trial is concerned," the Court reasoned, "there is no greater restriction on the province of the jury when an appellate court enters judgment *n.o.v.* than when a trial court does"; accordingly, the Court concluded, "there is no constitutional bar to an appellate court granting judgment *n.o.v.*" 386 U. S., at 322 (citing *Baltimore & Carolina Line, Inc.* v. *Redman*, 295 U. S. 654 (1935)). The Court next turned to "the statutory grant of appellate jurisdiction to the courts of appeals [in 28 U. S. C. §2106],"[6] which it found "certainly broad enough to include the power to direct entry of judgment *n.o.v.* on appeal." 386 U. S., at 322. The remainder of the *Neely* opinion effectively complements Rules 50(c) and 50(d), providing guidance on the appropriate exercise of the appellate court's discretion when it reverses the trial court's denial of a defendant's Rule 50(b) motion for judgment as a matter of law. *Id.*, at 322–330; cf. *supra*, at 449, n. 5 (1963 observation of Advisory Committee that, as of that year, "problems [concerning motions for judgment coupled with new trial motions] ha[d] not been fully canvassed").

*Neely* represents no volte-face in the Court's understanding of the respective competences of trial and appellate forums. Immediately after declaring that appellate courts have the power to order the entry of judgment for a verdict loser, the Court cautioned:

---

[6] Section 2106 reads:

"The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

"Part of the Court's concern has been to protect the rights of the party whose jury verdict has been set aside on appeal and who may have valid grounds for a new trial, some or all of which should be passed upon by the district court, rather than the court of appeals, because of the trial judge's first-hand knowledge of witnesses, testimony, and issues—because of his 'feel' for the over-all case. These are very valid concerns to which the court of appeals should be constantly alert." 386 U. S., at 325.[7]

Nevertheless, the Court in *Neely* continued, due consideration of the rights of the verdict winner and the closeness of the trial court to the case "do[es] not justify an ironclad rule that the court of appeals should never order dismissal or judgment for the defendant when the plaintiff's verdict has been set aside on appeal." *Id.*, at 326. "Such a rule," the Court concluded, "would not serve the purpose of Rule 50 to speed litigation and to avoid unnecessary retrials." *Ibid.* *Neely* ultimately clarified that if a court of appeals determines that the district court erroneously denied a motion for judgment as a matter of law, the appellate court may (1) order a new trial at the verdict winner's request or on its own motion, (2) remand the case for the trial court to decide whether a new trial or entry of judgment for the defendant is warranted, or (3) direct the entry of judgment as a matter

---

[7] *Iacurci* v. *Lummus Co.*, 387 U. S. 86 (1967) *(per curiam)*, decided shortly after *Neely*, is illustrative. There, the Court reversed the appellate court's direction of the entry of judgment as a matter of law for the defendant and instructed the appeals court to remand the case to the trial court for a new trial determination; the Court pointed to the jury's failure to respond to four out of five special interrogatories, which left issues of negligence unresolved, and concluded that in the particular circumstances, the trial judge "was in the best position to pass upon the question of a new trial in light of the evidence, his charge to the jury, and the jury's verdict and interrogatory answers." 387 U. S., at 88.

of law for the defendant. *Id.*, at 327–330; see also 9A
Wright & Miller § 2540, at 371–372.

## III

The parties before us—and Court of Appeals opinions—
diverge regarding *Neely*'s scope. Weisgram, in line with
some appellate decisions, posits a distinction between cases
in which judgment as a matter of law is requested based on
plaintiff's failure to produce enough evidence to warrant a
jury verdict, as in *Neely*, and cases in which the proof in-
troduced becomes insufficient because the court of appeals
determines that certain evidence should not have been
admitted, as in the instant case.[8] Insufficiency caused by
deletion of evidence, Weisgram contends, requires an "auto-
matic remand" to the district court for consideration whether
a new trial is warranted. Brief for Petitioner 20, 22; Reply
Brief 1, 3–6; Tr. of Oral Arg. 6, 18, 23.[9]

---

[8] See Tr. of Oral Arg. 6, 8, 17–18, 23, 26–28, 31; Reply Brief 3–6; Brief
for Respondents 24–29. Compare, *e. g., Redman,* 111 F. 3d, at 1178–1179
(treating judgment as a matter of law based on insufficiency caused by
admission error identically to initial insufficiency); *Smelser,* 105 F. 3d, at
301, 306 (same); *Wright,* 91 F. 3d, at 1108 (same); *Lightning Lube, Inc.* v.
*Witco Corp.,* 4 F. 3d 1153, 1198–1200 (CA3 1993) (rejecting distinction),
with *Kinser,* 184 F. 3d, at 1267, 1269 (insufficiency caused by admission
error inappropriate basis for judgment as a matter of law); *Jackson* v.
*Pleasant Grove Health Care Center,* 980 F. 2d 692, 695–696 (CA11 1993)
(same); *Douglass* v. *Eaton Corp.,* 956 F. 2d 1339, 1343–1344 (CA6 1992)
(same); *Midcontinent Broadcasting Co.* v. *North Central Airlines, Inc.,*
471 F. 2d 357, 358–359 (CA8 1973) (same).

[9] Weisgram misreads the Court's decision in *Montgomery Ward & Co.* v.
*Duncan,* 311 U. S. 243 (1940), to support his position. Reply Brief 3–4;
Tr. of Oral Arg. 19. The Court in *Montgomery Ward* directed that a trial
judge who grants the verdict loser's motion for judgment *n.o.v.* should also
rule conditionally on that party's alternative motion for a new trial. 311
U. S., at 253–254. The conditional ruling would be reviewed by the court
of appeals only if it reversed the entry of judgment *n.o.v.* Proceeding in
this manner would avoid protracting the proceedings by obviating the

Weisgram relies on cases holding that, in fairness to a verdict winner who may have relied on erroneously admitted evidence, courts confronting questions of judgment as a matter of law should rule on the record as it went to the jury, without excising evidence inadmissible under Federal Rule of Evidence 702. See, *e. g., Kinser* v. *Gehl Co.,* 184 F. 3d 1259, 1267, 1269 (CA10 1999); *Schudel* v. *General Electric Co.,* 120 F. 3d 991, 995–996 (CA9 1997); *Jackson* v. *Pleasant Grove Health Care Center,* 980 F. 2d 692, 695–696 (CA11 1993); *Midcontinent Broadcasting,* 471 F. 2d, at 358. But see *Lightning Lube, Inc.* v. *Witco Corp.,* 4 F. 3d 1153, 1198–1200 (CA3 1993). These decisions are of questionable consistency with Rule 50(a)(1), which states that in ruling on a motion for judgment as a matter of law, the court is to inquire

need for multiple appeals. See *id.,* at 253. Rule 50 was amended in 1963 to codify *Montgomery Ward's* instruction. See Fed. Rule Civ. Proc. 50(c)(1).

In the course of its elaboration, the *Montgomery Ward* Court observed that a "motion for judgment cannot be granted unless, as a matter of law, the opponent of the movant failed to make a case." 311 U. S., at 251. In contrast, the Court stated, a new trial motion may invoke the court's discretion, bottomed on such standard new trial grounds as "the verdict is against the weight of the evidence," or "the damages are excessive," or substantial errors were made "in admission or rejection of evidence." *Ibid.;* see also *id.,* at 249.

Many rulings on evidence, of course, do not bear dispositively on the adequacy of the proof to support a verdict. For example, the evidence erroneously admitted or excluded may strengthen or weaken one side's case without being conclusive as to the litigation's outcome. Or, the evidence may abundantly support a jury's verdict, but one or another item may have been unduly prejudicial to the verdict loser and excludable on that account. See Fed. Rule Evid. 403 (relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"). Such run-of-the-mine, ordinarily nondispositive, evidentiary rulings, we take it, were the sort contemplated in *Montgomery Ward.* Cf. 311 U. S., at 245–246 (indicating that sufficiency-of-the-evidence challenges are properly raised by motion for judgment, while other rulings on evidence may be assigned as grounds for a new trial).

whether there is any "legally sufficient evidentiary basis for a reasonable jury to find for [the opponent of the motion]." Inadmissible evidence contributes nothing to a "legally sufficient evidentiary basis." See *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U. S. 209, 242 (1993) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict.").[10]

As *Neely* recognized, appellate rulings on post-trial pleas for judgment as a matter of law call for the exercise of "informed discretion," 386 U. S., at 329, and fairness to the parties is surely key to the exercise of that discretion. But fairness concerns should loom as large when the verdict winner, in the appellate court's judgment, failed to present sufficient evidence as when the appellate court declares inadmissible record evidence essential to the verdict winner's case. In both situations, the party whose verdict is set aside on appeal will have had notice, before the close of evidence, of the alleged evidentiary deficiency. See Fed. Rule Civ. Proc. 50(a)(2) (motion for judgment as a matter of law "shall specify . . . the law and facts on which the moving party is entitled to the judgment"). On appeal, both will have the opportunity to argue in support of the jury's verdict or, alternatively, for a new trial. And if judgment is instructed for

---

[10] Weisgram additionally urges that the Seventh Amendment prohibits a court of appeals from directing judgment as a matter of law on a record different from the one considered by the jury. Brief for Petitioner 20–22; Reply Brief 6–8. *Neely* made clear that a court of appeals may order entry of judgment as a matter of law on sufficiency-of-the-evidence grounds without violating the Seventh Amendment. 386 U. S., at 321–322. Entering judgment for the verdict loser when all of the evidence was properly before the jury is scarcely less destructive of the jury's verdict than is entry of such a judgment based on a record made insufficient by the removal of evidence the jury should not have had before it.

the verdict loser, both will have a further chance to urge a new trial in a rehearing petition.[11]

Since *Daubert*, moreover, parties relying on expert evidence have had notice of the exacting standards of reliability such evidence must meet. 509 U. S. 579; see also *Kumho Tire Co.* v. *Carmichael*, 526 U. S. 137 (1999) (rendered shortly after the Eighth Circuit's decision in Weisgram's case);[12] *General Electric Co.* v. *Joiner*, 522 U. S. 136 (1997). It is implausible to suggest, post-*Daubert*, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail. We therefore find unconvincing Weisgram's fears that allowing courts of appeals to direct the entry of judgment for defend-

---

[11] We recognize that it is awkward for an appellee, who is wholeheartedly urging the correctness of the verdict, to point out, in the alternative, grounds for a new trial. See Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961–1963 (II), 77 Harv. L. Rev. 801, 819 (1964) ("A verdict winner may suffer forensic embarrassment in arguing for a new trial on his own behalf, *faute de mieux*, while seeking to defend his verdict against all attacks by his opponent."). A petition for rehearing in the court of appeals, however, involves no conflicting tugs. We are not persuaded by Weisgram's objection that the 14 days allowed for the filing of a petition for rehearing is insufficient time to formulate compelling grounds for a new trial. Reply Brief 15–16. This time period is longer than the ten days allowed a verdict winner to move for a new trial after a trial court grants judgment as a matter of law. See Fed. Rule Civ. Proc. 50(c)(2). Nor do we foreclose the possibility that a court of appeals might properly deny a petition for rehearing because it pressed an argument that plainly could have been formulated in a party's brief. See Louis, Post-Verdict Rulings on the Sufficiency of the Evidence: Neely v. Martin K. Eby Construction Co. Revisited, 1975 Wis. L. Rev. 503, 519–520, n. 90 ("[I]t is often difficult to argue that a gap in one's proof can be filled before a court has held that the gap exists . . . ." On the other hand, "the brief or oral argument will suffice . . . when the area of the alleged evidentiary insufficiency has previously been clearly identified." (citation omitted)).

[12] We note that the decision in *Kumho* is consistent with Eighth Circuit precedent existing at the time of trial in Weisgram's case. See, *e. g.*, *Peitzmeier* v. *Hennessy Industries, Inc.*, 97 F. 3d 293, 297 (CA8 1996).

ants will punish plaintiffs who could have shored up their cases by other means had they known their expert testimony would be found inadmissible. See Brief for Petitioner 18, 25. In this case, for example, although Weisgram was on notice every step of the way that Marley was challenging his experts, he made no attempt to add or substitute other evidence. See *Lujan* v. *National Wildlife Federation,* 497 U. S. 871, 897 (1990) ("[A] litigant's failure to buttress its position because of confidence in the strength of that position is always indulged in at the litigant's own risk.").

After holding Weisgram's expert testimony inadmissible, the Court of Appeals evaluated the evidence presented at trial, viewing it in the light most favorable to Weisgram, and found the properly admitted evidence insufficient to support the verdict. 169 F. 3d, at 516–517. Weisgram offered no specific grounds for a new trial to the Eighth Circuit.[18] Even in the petition for rehearing, Weisgram argued only that the appellate court had misapplied state law, did not have the authority to direct judgment, and had failed to give adequate deference to the trial court's evidentiary rulings. App. 131–151. The Eighth Circuit concluded that this was "not a close case." 169 F. 3d, at 517, n. 2. In these circumstances, the Eighth Circuit did not abuse its discretion by directing entry of judgment for Marley, instead of returning the case to the District Court for further proceedings.

\* \* \*

*Neely* recognized that there are myriad situations in which the determination whether a new trial is in order is best made by the trial judge. 386 U. S., at 325–326. *Neely* held,

---

[18] Cf. *Neely* v. *Martin K. Eby Constr. Co.,* 386 U. S. 317, 327 (1967) (observing that it would not be clear that litigation should be terminated for evidentiary insufficiency when, for example, the trial court excluded evidence that would have strengthened the verdict winner's case or "itself caused the insufficiency . . . by erroneously [imposing] too high a burden of proof").

however, that there are also cases in which a court of appeals may appropriately instruct the district court to enter judgment as a matter of law against the jury-verdict winner. *Id.*, at 326. We adhere to *Neely*'s holding and rationale, and today hold that the authority of courts of appeals to direct the entry of judgment as a matter of law extends to cases in which, on excision of testimony erroneously admitted, there remains insufficient evidence to support the jury's verdict.

For the reasons stated, the judgment of the Court of Appeals for the Eighth Circuit is

*Affirmed.*